UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUARANTEE COMPANY OF NORTH
AMERICA USA,

       Plaintiff,

  v.

JESUS BARRERA, *et al.*,

       Defendants.

Civil Action No. 12-00736 (CKK)

**MEMORANDUM OPINION**
(December 9, 2012)

Presently before the Court are six Motions for Default Judgment by Guarantee Company of North America USA ("Plaintiff") against Defendants Jesus Barrera d/b/a Barrera Transport ("Barrera"), February Fourteen, Inc. ("February Fourteen"), Liverpool Express, Inc. ("Liverpool Express"), MTS of Wisconsin, Ltd. ("MTS"), Rakhwinder Singh d/b/a Rainbow Trucking ("Singh"), and Budreck Truck Lines, Inc. ("Budreck") (collectively "Defendants"). Defendants have not entered an appearance before this Court, nor have they responded to the respective motions for default judgment against them. Having carefully considered the Amended Complaint, Plaintiff's submissions and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiff's [27], [28], [29], [30], [31], and [35] Motions for Default Judgment, for the reasons that follow.

**I. BACKGROUND**

A review of the facts of this case, as alleged by Plaintiff, is necessary for a discussion of this Court's jurisdiction over Plaintiff's claims. Plaintiff was at all relevant times a duly admitted and licensed insurer, permitted under the laws of the State of Michigan and the District

of Columbia to offer and sell the surety bond that is the subject of this action. Am. Compl. ¶ 1. On December 22, 2012, Plaintiff issued a property broker's surety bond number TM5122229 (the "Bond") in the penal sum of $10,000. *Id*. ¶ 5. The Bond was issued on behalf of non-party Cambridge Logistics, Inc., a property broker in the business of arranging for transportation of goods by motor carrier, for the benefit of any and all motor carriers or shippers to whom Cambridge Logistics, Inc. may be legally liable for the damages described in the Bond. *Id*. ¶ 8.

Beginning in January 2012, Plaintiff began receiving claims against the Bond from the Defendants motor carriers who alleged that they had provided transportation services for Cambridge Logistics, Inc. and had not been paid for such services. *See id*. ¶ 9 & Ex. B. On May 8, 2012, Plaintiff commenced this interpleader action pursuant to 28 U.S.C. § 1335 against Barrera, February Fourteen, Liverpool Express, MTS, and Singh. *See* Compl., ECF No. [1]. On August 7, 2012, Plaintiff filed an Amended Complaint, adding Budreck as a Defendant. *See* Am. Compl., ECF No. [13]. Plaintiff alleges that the claims, and claims which could be asserted, by Defendants are all adverse to each other, as the sum of the amounts claimed exceeds the maximum liability of Plaintiff under the Bond. *Id*. ¶ 12. Specifically, the amount of the claims asserted by Defendants total approximately $36,200 while the maximum liability of Plaintiff, if any, is $10,000. *Id.* For this reason, and in order to avoid multiple litigation and potential multiple or inconsistent liability, Plaintiff's Amended Complaint requests that the Court order all Defendants with claims against the Bond to interplead and establish their respective claims in this single action. *Id*. ¶ 14.

Plaintiff has filed proof of putative service on each of the Defendants. *See* ECF Nos. [6]-[9], [11], [33]. According to the proof of service filed with the Court, Budreck was required to respond by October 7, 2012, and all remaining Defendants were required to respond by July 8,

2012.  Because all of the Defendants failed to respond to Plaintiff's Complaint within the prescribed period of time, and upon the filing of motions for entry of default by Plaintiff, the Clerk of the Court made an entry of default as to each Defendant on October 16, 2012.  *See* ECF Nos. [36], [37].  Presently before the Court are Plaintiff's Motions for Default Judgment against each Defendant.  *See* ECF Nos. [27]-[31],[35].  As of the date of this Memorandum Opinion, Defendants have neither entered an appearance nor filed any pleadings in this case.

## II.  LEGAL STANDARD AND DISCUSSION

Plaintiffs bring this action pursuant to the Federal Interpleader Statute, 28 U.S.C. § 1335, which permits a party who is exposed to multiple claims on a single obligation, and who wants to obtain adjudication of the claims in a single proceeding, to bring an action in interpleader.  *See Comm'l Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993).  A court may exercise jurisdiction over an interpleader action if: (1) the plaintiff has custody of the disputed property, which exceeds $500; (2) the plaintiff deposits the disputed property into the registry of the court; and (3) two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property.  28 U.S.C. § 1335; *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 41 (D.D.C. 2002).  The Court has jurisdiction over this interpleader action under the provisions of 28 U.S.C. § 1335(a) because, as alleged in the pleadings, there exists diversity of citizenship between at least two of the Defendants, Am. Compl. ¶ 2, and the penal sum of the Bond against which all Defendants assert adverse claims is $10,000, a sum in excess of $500, Am. Compl. ¶ 3.  Furthermore, Plaintiff, at the time of filing its Complaint, filed a motion for leave to deposit $10,000 into the Registry of this Court.  *See* Pl.'s Mot. for Leave to

Deposit Funds into the Registry of the Court, ECF No. [2].[1]

A Court has broad discretion to order interpleader relief as an equitable remedy designed to achieve an orderly distribution of a limited fund. *See Star Ins. Co.*, 273 F. Supp. 2d at 40. Where a court grants interpleader relief, the plaintiff may be discharged from further court proceedings, provided the plaintiff does not assert an interest in the distribution of the disputed property. 28 U.S.C. § 2361. Normally, an interpleader action is concluded in two stages, the first determining that the statutory requirements are met and relieving the plaintiff from liability, and the second adjudicating the adverse claims of the defendant claimants to the disputed property. However, this bifurcation is not mandatory. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983). Where, as here, no defendant enters an appearance in the action, their subsequent defaults "d[o] not make the interpleader action inappropriate but merely expedite its conclusion by obviating the normal second stage." *Id.* at 95. *See also Gulf Coast Galvanizing, Inc. v. Steel Sales, Co., Inc.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.") (citation omitted).

Federal Rule of Civil Procedure 55 provides that the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Upon entry of a default by the clerk, the well-pleaded allegations in the complaint

---

[1] On May 9, 2012, the Court issued an Minute Order denying without prejudice Plaintiff's [2] Motion for Leave to Deposit Funds into the Registry of the Court, and indicating that Plaintiff could renew its motion after it filed proof of service as to all Defendants. *See* Min. Order (May 9, 2012). While Plaintiff at no point renewed its motion, depositing the value of the Bond into the Registry of the Court is no longer necessary in light of Defendants' failure to plead or otherwise defend in this action, and by operation of the decision rendered by the Court today.

are deemed admitted. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Thereafter, unless the claim is for a sum certain, the plaintiff must apply to the court for a default judgment. FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered default for each Defendant in this action, and the factual allegations in the Complaint are therefore taken as true. *See Int'l Painters*, 239 F. Supp. 2d at 30. Further, the Court finds that Plaintiff's Amended Complaint sufficiently alleges facts to support its claims. Accordingly, Plaintiff is entitled to a default judgment discharging it of all liability to the Defendants under the Bond. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119-24 (5th Cir. 2008) (default judgment is available in interpleader actions), *cert. denied sub nom Felderhof v. Jenkens & Gilchrist*, 129 S. Ct. 1585 (2009).

### III. CONCLUSION

For all of the foregoing reasons, the Court shall GRANT Plaintiff's [27], [28], [29], [30], [31], and [35] Motions for Default Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: December 9, 2012 \_\_\_\_\_/s/_____

**COLLEEN KOLLAR-KOTELLY**
United States District Judge